UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| NORRIS LAMARR COLQUITT, | ) | No. ED CV 12-01234-VBK |
| Plaintiff, | ) ) | MEMORANDUM OPINION AND ORDER |
| v. | ) ) | (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issue:

1. Whether the Administrative Law Judge ("ALJ") properly

considered Plaintiff's testimony.
(JS at 4.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ PROPERLY EVALUATED THE SUBJECTIVE SYMPTOM TESTIMONY PROVIDED BY PLAINTIFF**

Following administrative denials of his application for Supplemental Social Security Insurance benefits ("SSI") (AR 124-130), Plaintiff asked for and received a hearing before an ALJ on January 27, 2011. (AR 32-69.) At that hearing, Plaintiff was represented by counsel, and provided testimony. Testimony was also obtained from a medical expert ("ME") and a vocational expert ("VE"). The ALJ thereafter issued an unfavorable Decision. (AR 19-28.) In that Decision, the ALJ considered Plaintiff's testimony regarding his symptoms, but found that the evidence in the record detracted from his credibility. (AR 24.) Plaintiff contends that the ALJ improperly depreciated his credibility.

Plaintiff does not dispute the ALJ's summary of Plaintiff's testimony, which is contained in the following portion of the Decision:

> "[Plaintiff] testified that he hears voices, has paranoid thoughts, has difficulty getting along with others and following rules. He also testified that he has panic attacks. He testified that he saw bad things in prison

2

1     (e.g. fights everyday) and that, now, he does not like
2     people walking behind him and he is triggered if he hears a
3     commotion. ... [Plaintiff] is unsure if he could do a simple
4     repetitive job with not a lot of public contact."
5 (AR 24.)

7     Plaintiff correctly asserts that it was the ALJ's obligation to articulate specific and legitimate reasons to reject his subjective testimony, and that in the absence of malingering, the burden increases to clear and convincing. See Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). Plaintiff contends that the ALJ did not properly credit his explanation for contradictions between some of his statements and other evidence in the record. As Plaintiff notes, at the hearing before the ALJ, he asserted he feels intimidated during sessions with a doctor with whom he is required to meet as a condition of his parole. In Plaintiff's words, "And there's something in my head that keeps telling me don't trust him, don't talk to him. So basically, while I'm there I just do it -- I just listen." (AR 44.) The ALJ asked Plaintiff whether he had asked his parole officer to assign another doctor to his case. Plaintiff indicated he had not done so, because he felt intimidated to even do that. (AR 44-45.)

    The principal problem with Plaintiff's argument is that the ALJ's determination as to credibility does not substantially rely upon Plaintiff's statements; rather, the ALJ largely relied upon independent evidence to discredit Plaintiff's claims as to his subjective symptoms. As noted in the Decision, the ALJ considered, for example, statements of Plaintiff's brother which indicate

3

Plaintiff is able to provide for his personal care, do household chores, and use public transportation. (AR 23.)  Plaintiff does not claim in this litigation that the ALJ inaccurately summarized that part of his brother's testimony.

In addition, the ALJ relied upon her own observations of Plaintiff's demeanor and behavior at the hearing. The ALJ thus observed that Plaintiff "was able to talk, hear, see, follow the course of the hearing, understand questions, concentrate, and had adequate recall of historical events." (AR 24.)  Again, Plaintiff does not dispute the accuracy of the ALJ's observations, or the fact that the ALJ is legally within her bounds to consider a claimant's demeanor at a hearing in evaluating subjective testimony.  See Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985).

While noting Plaintiff's own assessment that he was paranoid, heard voices, and could not get along with people (AR 24), the ALJ considered the objective record and found these claims to be contradicted.  For example, the ALJ noted that on July 13, 2009, Plaintiff underwent a mental health evaluation in association with his parole, and at that time, there was no objective evidence of gross impairments in concentration, attention, memory, abstraction or judgment.  As the ALJ further noted, during that examination, Plaintiff's behavior appeared organized and his speech was clear, logical, linear, and coherent. (AR 24, citing AR 279.)  Indeed, the ALJ reviewed a substantial chronological period of reports documenting Plaintiff's attendance at group sessions in connection with his parole. (AR 24, citing Exhibit 15F.)  In a report from March 29, 2008, the observer noted that Plaintiff exhibited no distress; continued to

4

attend anger management classes and reflected on some of the topics learned; was alert and fully oriented; no psychiatric acuity indicators were noted; no suicidal ideations; Plaintiff did not present as an imminent threat to himself or others; and no problems were observed with Plaintiff's mood or thinking. In sum, the observer found that Plaintiff made a "stable presentation." (AR 271.) Plaintiff does not assert that the ALJ was foreclosed from evaluating such objective evidence as a relevant factor in determining the severity of claimed subjective pain and disabling effects. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ cited additional evidence to support her credibility evaluation. In the July 13, 2009 mental health report, the ALJ noted Plaintiff was found to have intellect in the average range; received good grades in high school despite not being enrolled in special education except for possibly mathematics; that he earned a GED; and that he is of average intelligence. Referring again to her observations of Plaintiff at the hearing, the ALJ observed that he was "well spoken with no obvious defects in speech, hearing or understanding." (AR 25.)

All in all, it seems abundantly clear that the ALJ only depreciated the credibility of Plaintiff's statements after considering a plethora of evidence in the record which is relevant to the credibility determination. Certainly, the ALJ was not required to believe Plaintiff's allegations. Otherwise, it would be the case that an individual could obtain benefits simply by making disability claims, even if they are contradicted by evidence in the record. While Plaintiff asserts that the ALJ's reliance on these inconsistencies falls short of the clear and convincing standard, the

1 | Court does not agree.

2 | The decision of the ALJ will be affirmed. The Complaint will be
3 | dismissed with prejudice.

4 | **IT IS SO ORDERED.**

6 | DATED: April 19, 2013                    /s/
                                         VICTOR B. KENTON
7 |                                      UNITED STATES MAGISTRATE JUDGE